**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CARLOS SHAARBAY,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　　　　**Case No. 4:11cv211-SPM/WCS**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

This cause is before me on referral from the clerk.

A package of documents was sent to this court from the Eleventh Circuit. There was no cover letter or any other indication as to why it was sent to this court. Included were Petitioner Shaarbay's motion for leave to proceed in forma pauperis on appeal (receive-stamped by the Eleventh Circuit Clerk on April 29, 2011), an application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2254, and many exhibits. A civil case number was assigned, and the documents were filed as a motion to proceed in forma pauperis and a 28 U.S.C. § 2254 petition with exhibits. Docs. 2 and 1, respectively.

Petitioner then filed (directly in this court) a consent form and financial certificate, motion for counsel, motion for relief on bond, and supporting brief. Docs. 4-7.

Research reveals that Petitioner already filed an application for leave to file a second or successive § 2254 petition in the Eleventh Circuit, and it was denied as unnecessary because Petitioner did not previously file a § 2254 petition. Case No. 11-10783-D, order filed March 15, 2011 (available in PACER) (Public Access to Electronic Records). The application to file a second or successive petition forwarded to this court was signed by Petitioner on April 26, 2011, presumably after Petitioner received the order of March 15, 2011.

Since authorization is not necessary a§ 2254 petition may be filed by Petitioner, but he has not submitted a proper § 2254 petition. His documents are on forms for filing with the court of appeals. Construing the documents as § 2254 pleadings, they should be transferred to the proper court. As Petitioner is incarcerated at Union Correctional Institution and challenges a judgment out of Broward County, jurisdiction is appropriate in the Middle and Southern Districts of Florida. 28 U.S.C. § 2241(d) (the districts of confinement and conviction have concurrent jurisdiction). The district of conviction appears to be the most convenient and appropriate venue, so this cause should be transferred to the Southern District of Florida for all further proceedings. § 2241(d). *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9 (11th Cir. 2001) (noting the practice of district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the Southern District of Florida for all further proceedings, and that the clerk be directed to **TERMINATE** all motions (docs. 2, 5 and 6).

**IN CHAMBERS** at Tallahassee, Florida, on August 1, 2011.

S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:11cv211-SPM/WCS